UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chazmar Spivey, | Civ. No. 11-1907 (RHK/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| United States of America, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative, Failure to State a Claim Upon Which Relief Can be Granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 11.) Plaintiff Chazmar Spivey ("Spivey"), a former federal prison inmate, brings this suit under the Federal Tort Claims Act (FTCA) for medical malpractice and deliberate indifference resulting in unnecessary pain and the exacerbation of his work related injury. The motion has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendant's motion to dismiss be granted in part and denied in part, and the Complaint be dismissed.

## I.      Introduction

Plaintiff was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, ("FCI Sandstone") as of May 17, 2010. (*See* Compl. ¶ 5.) He is suing the federal government under the FTCA for the malpractice committed by, and the deliberate indifference shown by, FCI

Sandstone employees in failing to provide appropriate and timely medical care that caused him unnecessary pain and exacerbated his injury.

## II.     Factual Background

Plaintiff was a federal inmate, incarcerated at FCI Sandstone as of May 17, 2010. (*See* Compl. ¶ 5.) As of May 17, 2010, Spivey was assigned to work detail in the Food Service department at FCI Sandstone. (*Id.*) On May 17, 2010, at approximately 12:05 p.m., at his work assignment, Spivey burned his right hand when the water drain pipe came loose and the water from the steam well ran out onto his hand. (*Id*. ¶ 6.) Spivey was advised by his work supervisor to run cold water over his hand. (*Id*. ¶ 8.) Spivey's supervisor called the Health Services department and sent Spivey for an evaluation. (*Id*.)

Upon arriving at the Health Services department on May 17, 2010, Spivey was seen by Steven Vavrosky ("Vavrosky"), Registered Nurse, who assessed the injury as a "Burn-Thermal-Minor," describing it as a minor blister on the top of the right hand with no broken skin. (*See id.* Attach. D, at 8.)[1] Spivey alleges he was "severely burned." (*See id*. ¶ 5.) Spivey requested medication and dressing for his burn, but was denied both. (*Id.* ¶ 10.) Spivey alleges he was ordered to return to work following the examination where he was forced to work with hot water, causing excruciating pain and exacerbating his injury. (*Id.* ¶¶ 10, 11.)

Spivey alleges that on May 18, 2010, at his request and because of his extreme pain, his case manager called medical for him. (*Id.* ¶ 13.) Spivey alleges that he reported to Health Services at 8:30 a.m., but was not treated until 1:30 p.m. when he saw Nurse Practitioner Peggy

---

[1] Occasionally the Court refers to documents submitted as attachments to Plaintiff's Complaint. The Court may consider such attachments as "necessarily embraced by the Complaint." *See Baker v. Allstate Fin. Servs., Inc.*, 544 F. Supp. 2d 945, 948 (D. Minn. 2008) (citation omitted).

2

Frisch ("Frisch"). (*Id.* ¶¶ 13, 14.) Spivey alleges that the Frisch did not dress his burn, but instead merely gave him gauze pads and an ace bandage. (*Id.* ¶ 14.)

Spivey reported for follow-up care on May 19, 2010, and was treated by Nurse Practitioner Bennett ("Bennett"). (*See* Compl. Attach. F, at 16.) Bennett described Spivey's injury as a second-degree burn with an open wound bed from an unroofed blister. (*Id.*) Bennett treated the burn by applying Silvadine cream with Telfa, Kerlex, and an ace bandage, and by prescribing Ibuprofen. (*Id.*) Spivey reported for further follow-up care that afternoon, where his dressing was changed, he was prescribed Acetaminophen/Codeine, and was discharged to his housing unit with a medical idle. (*Id.* Attach. F, at 19) Spivey received daily dressing changes and appropriate treatment from May 19, 2010, through May 28, 2010. (*Id.* Attach. F, at 19-34.)

On November 26, 2010, Spivey filed an administrative claim under the Federal Tort Claims Act (FTCA). (*See* Compl. Attach. A, at 2.) On January 12, 2011, Spivey's FTCA claim was denied by the North Central Regional Office. (*See* Compl. Attach. B, at 4.) Spivey filed this lawsuit on July 13, 2011.

## II.   Discussion

### A.   Standard of Review

In its motion to dismiss, the Government presents two separate challenges. It seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The subject matter argument is governed by the same standard of review as a motion to dismiss for failure to state a claim. *Hastings v. Wilson,* 516 F.3d 1055, 1058 (8th Cir. 2008).

Under this standard, a court is ordinarily limited to the allegations in the complaint, with all reasonable inferences taken in favor of the plaintiff. *Cole v. Homier Distrib. Co.,* 599 F.3d

856, 861 (8th Cir. 2010). Taking such inferences, if subject matter jurisdiction is not established for any claims, those claims are properly dismissed for lack of subject matter jurisdiction. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency,* 615 F.3d 985, 988 (8th Cir. 2010).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine if a plaintiff has alleged a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant under some cognizable legal theory. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry,* 364 F .3d 912, 915 (8th Cir. 2004).

### B.     Subject Matter Jurisdiction

Defendant's jurisdictional argument is founded on the argument that the Inmate Accident Compensation Procedure (IACP), 18 U.S.C. § 4126, is the exclusive remedy for all claims made by an inmate arising out of an injury in the performance of an assigned task while in a federal institution. Plaintiff's complaint clearly states that his injury was work-related. (Compl. ¶ 5,6.) Defendant correctly notes that in *United States v. Demko* the court held that 18 U.S.C. § 4126 is the exclusive remedy for an inmate to receive compensation for his work-related injuries, and that he is barred from seeking compensation for those injuries under the FTCA. 385 U.S. 149, 152 (1966). However, that bar does not deprive this court of jurisdiction; rather, it defines the

remedies available to Plaintiff. Accordingly, Defendant's motion to dismiss under Fed. R. Civ. Pro. 12(b)(1) is denied.

### C. Failure to State a Claim

#### 1. Inmate Accident Compensation Procedure

Though § 4126 does not deprive this court of subject matter jurisdiction, if it does bar Plaintiff's suit under *Demko*, then the complaint does not state a claim upon which relief can be granted. The facts of *Demko* and this case are somewhat different. In *Demko*, the prisoner was seeking damages caused by the accident itself, while in this case Plaintiff is seeking damages caused by his allegedly improper medical treatment after the accident. This distinction was resolved in *Thompson v. United States*, where the Fifth Circuit held that § 4126 was also the exclusive remedy for any exacerbation of work-related injuries due to malpractice or negligence. 495 F.2d 192, 193 (5th Cir. 1974).

While this precise issue has not been addressed in the Eighth Circuit, cases dealing with inmate accident compensation have favorably cited *Thompson* and indicate support for the broad applicability of *Demko* to any claims arising out of *any* work-related inmate injury. *See Sturgeon v. Fed. Prison Indus.*, 608 F.2d 1153, 1154 (8th Cir. 1979) (citing *Thompson*, 495 F.2d at 193.) For these reasons, § 4126 is the exclusive remedy for Plaintiff's claims and Plaintiff is barred from bringing this claim under the FTCA.

Defendant argues that even if Plaintiff's claims were not barred by § 4126, he has failed to sufficiently state a claim upon which relief can be granted. Defendant specifically argues that Plaintiff's medical malpractice claim is insufficient because Plaintiff has not included an affidavit of expert review, and that Plaintiff's deliberate or willful indifference claim is barred by the government's sovereign immunity.

Assuming, arguendo, that the FTCA is a proper avenue of relief for Plaintiff's claims, the Complaint still fails. The government is only liable under the FTCA if it "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In Minnesota, Plaintiff is required to serve Defendant with a qualified affidavit of expert review if expert testimony is required to establish a prima facie case. Minn. Stat. § 145.682(b). Here, Plaintiff has not served Defendant with a qualifying affidavit.

Further, if a plaintiff contends that expert testimony is not necessary to show medical malpractice, he must raise the issue so that the trial court can make a finding as to whether expert testimony is required. *See Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 191 (Minn. 1990) (citing *Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163 (8th Cir. 1989)). Nothing indicates that this is one of the rare and extraordinary cases where expert testimony is not required. But in any case, Plaintiff failed to raise that issue before the Court. For these reasons, Plaintiff has failed to comply with the requirements of filing a medical malpractice claim under the FTCA in Minnesota, and thus, with respect for his claim of medical malpractice, he has failed to state a claim upon which relief can be granted.[2]

Therefore, because the IACP provides the exclusive remedy for Plaintiff's claims and because Plaintiff's medical malpractice claim does not comply with the FTCA and Minn. Stat. § 145.682, his claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[3] For these reasons, this Court recommends that Defendant's motion be granted.

---

[2] The Court need not address the issue of sovereign immunity because the Plaintiff's claim fails for two alternative reasons addressed in this Report and Recommendation.

[3] While this decision is made with prejudice, it is only intended to preclude claims arising under the Federal Tort Claims Act. This decision should have no bearing on Plaintiff's IACP claims, nor should this decision be construed as commenting on the merits thereof.

**III.     Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Amended Motion to Dismiss (ECF No. 11) be **GRANTED**

2. Plaintiff's claim be **DISMISSED WITH PREJUDICE**; and

3. **JUDGEMENT BE ENTERED ACCORDINGLY**.


Dated: July 23, 2012                                      s/ *Jeanne J. Graham*
                                                          JEANNE J. GRAHAM
                                                          United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 9, 2012. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.